```
                     UNITED STATES DISTRICT COURT
                      MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

ENVIRONMENTAL BIOTECH, INC.,

        Plaintiff,

v.                                    Case No.  2:03-cv-124-FtM-33SPC

SIBBITT ENTERPRISES, INC., LARRY
SIBBITT, VICKI L. SIBBITT,

        Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendants' Motion for Trial on Damages Only (Doc. # 130) filed on August 31, 2007.  Plaintiff filed a Memorandum in Opposition to Defendants' Motion for Trial on Damages Only on September 26, 2007 (Doc. # 131) and a Motion to Dismiss for Failure to Prosecute (Doc. # 132) on September 26, 2007.  Defendants filed a Memorandum of Law in Opposition to Plaintiff's Motion to Dismiss (Doc. # 133) on October 8, 2007. For the reasons that follow, this Court grants Defendants' Motion for Trial on Damages Only (Doc. # 130) and denies Plaintiff's Motion to Dismiss for Failure to Prosecute (Doc. # 132).

**I.**    **Background**

On December 10, 2002, Plaintiff filed a complaint against Defendants alleging trademark infringement, trademark dilution, breach of contract, and unfair competition. (Doc. # 1). Defendants asserted three counterclaims against Plaintiff for breach of

contract, tortious interference with a business relationship, and breach of fiduciary duty. (Doc. # 24). The trial of this case was held from November 2, 2004 through November 5, 2004. The jury returned a verdict in favor of Defendants on all three counterclaims. (Doc. # 89). The jury's verdict required Plaintiff to pay Defendants $1,224,500 in damages. (Doc. # 89). On November 24, 2004, Plaintiff filed a motion for a new trial and alternative motion for remittitur. (Doc. # 94). On January 5, 2005, this Court entered an Order granting a new trial on the issue of damages only, finding that the damages, "as assessed by the jury, cannot be supported by competent evidence." (Doc. # 109 at 20).

On October 9, 2006, Hans Kennon and the law firm of Morgan & Morgan, P.A. filed a motion to withdraw as counsel for Defendants, stating, "Defendants and counsel have differing opinions about trial strategy relating to the retrial of the damages portion of the case. Damages are all that is remaining after Defendant received a counterclaim verdict in their favor for liability and damages in the amount of $1.2 million dollars. This Court granted a new trial to Plaintiffs only as to the Defendant's damages portion of the case." (Doc. # 123 at 1). This Court granted the motion to withdraw on October 12, 2006, and required the corporate Defendant to obtain counsel within twenty days. (Doc. # 125). Defendants sought and received an extension of time in which to hire new counsel (Doc. ## 127, 128), and on November 14, 2006, Hans

2

Kennon, Defendants' prior counsel, filed a notice of appearance on behalf of Defendants. (Doc. # 129).

Defendants requested a new trial on damages only on August 31, 2007, which was met by Plaintiff's motion to dismiss on the basis of Defendants' lack of prosecution.

## II. Analysis

Plaintiff seeks an order of this Court dismissing Defendants' counterclaims on the basis of failure to prosecute. Plaintiff asserts that "Defendants have delayed prosecution of their counterclaim for more than two and one half years . . . [and] Defendants' unreasonable delay has compromised [Plaintiff's] defense of Defendants' counterclaim and warrants dismissal for failure to prosecute." (Doc. # 132 at 1). Plaintiff cites Link v. Wabash R. Co., 370 U.S. 626, 629-630 (1962), in support of its contentions. Link generally describes the inherent power of federal courts to dismiss complaints for failure to prosecute as follows:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. This power is of ancient origin, having its roots in judgments of *nonsuit* and *non prosequitur* entered at common law.

Id.

In Link, the Court upheld the dismissal of a lawsuit because, inter alia, counsel for the plaintiff failed to appear at a duly scheduled pretrial conference.  The Court explained, "The authority of a court to dismiss sua sponte for lack of prosecution has generally be considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to mange their own affairs so as to achieve the orderly and expeditious disposition of cases." Id. at 631.

The Eleventh Circuit, however, has clearly articulated tests applicable to the dismissal of cases on the basis of failure to prosecute.  In the case of Betty K Agencies v. M/V Monada, 432 F.3d 1333, 1337-1338 (11th Cir. 2005), the court ruled, "A dismissal with prejudice, whether on motion or sua sponte, is an extreme sanction that my be properly imposed only when (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." (internal citations omitted).  The court in Betty K Agencies further noted that "the harsh sanction of dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable." Id. at 1338.

In Betty K Agencies, the district court dismissed a plaintiff's case with prejudice for failure to prosecute upon finding that the plaintiff failed to respond to one defendant's

4

counterclaim and failed to perfect service on another defendant. Id.  The Eleventh Circuit reversed the district court's dismissal of the case finding an abuse of discretion and ruling, "Our case law has articulated with crystalline clarity the outer boundary of the district court's discretion in these matters: dismissal with prejudice is plainly improper unless and until the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Id. at 1339. (internal citations omitted).

Similarly, in the recent case of Collins v. Lake Helen, L.P., No. 07-10004, 2007 U.S. App. LEXIS 22606 (11th Cir. Sept. 20, 2007), the Eleventh Circuit revered a district court's dismissal with prejudice of a case after the parties sought continuance after continuance and then failed to file timely the pretrial statement despite a warning that failure to do so would result in dismissal of the case with prejudice.  Id. at *3-6.  The Eleventh Circuit determined that the dismissal was an abuse of discretion because the district court failed to consider less drastic sanctions. Id. at *10.

The two pronged test, as stated in Betty K Agencies, applies in this case, and accordingly, this Court cannot dismiss Defendants' counterclaims with prejudice for failure to prosecute unless this Court finds (1) a record of clear delay or contumacious conduct and (2) that lesser sanctions are inadequate to correct

5

such conduct. There has been a long delay since this Court determined that a new trial on damages only was warranted; however, the delay neither violated the orders of this Court nor the Local Rules of the Middle District of Florida, and no sanctions are required in this case. This Court strives to ensure that parties are afforded their day in court, and a dismissal of this case, after a jury verdict in favor of Defendants and without any prior warning to Defendants, would stray from this Court's fundamental goals. Accordingly, this Court declines to dismiss this case with prejudice on the basis of failure to prosecute and will allow the previously ordained retrial on damages only. The trial on damages only will be scheduled in a separate Order.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

1. Defendants' Motion for Trial on Damages Only (Doc. # 130) is **GRANTED**. The trial on damages only will be scheduled in a separate Order.

2. Plaintiff's Motion to Dismiss for Failure to Prosecute (Doc. # 132) is **DENIED.**

**DONE** and **ORDERED** in Ft. Myers, Florida, this 11th day of October, 2007.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All parties of record